——— o o o ———

East *v.* Parks.

All process issued by the clerk of any district court must bear test in the name of sub-clerk : but the signature may be regarded as a part of the test, and where referred to in the test as "witness *my hand*," &c., it is sufficient without repeating the name in the body of the test.

*Appeel from Johnson District Court.*

*Opinion by* Greene, J. This suit was commenced before a justice of the peace, and was removed to the district court of Clinton county, by writ of error. Venue changed to Johnson district court, where a motion was

made to quash the writ of error, because it was not tested in the name of the clerk, and the motion was sustained.

The only question in the case is, did the court below err in deciding that the writ was not properly tested? The Code, § 1592, declares that "all process issued by the clerk of any district court shall bear date on the day on which it issued, and be tested in the name of the clerk who issued the same, and be under the seal of the court."

Defendant maintains that the writ is not tested in the name of the clerk who issued the same, and was, therefore, properly quashed. The writ is tested as follows:

"Witness *my hand* and the seal of said court, December 30, 1852.                              S. H. SAMUELS,
            *Clerk District Court Clinton county.*"

It is not pretended that S. H. Samuels was not the clerk, but it is insisted that his name should have been inserted after the word "witness," and preceding the date of the test. It is claimed that the test of a writ is one thing, and the signing of it is another and different thing. But may not the signing become a part, and often the most authentic part of the test? Where the law requires the writ to be tested in some other name than that of the clerk, it would be necessary to insert such name in some portion of the attestation. If in the name of the king it would be "witness ourself." If in the name of the chief justice or presiding judge, his name should follow the word "witness." But where, as in our state, the writ is to be tested in the name of the clerk, where is the necessity or propriety of naming the clerk more than once? In this case the clerk's signature is made a part of the test, and no other name is used. It reads " witness *my hand*," &c., as an original writ in England would read "witness ourself," &c. The words *my hand* preceding the signature of the clerk is equivalent to an insertion of the clerk's name. They refer to the name and supersede the necessity of repeating it. We think the writ is tested with

substantial correctness, and that the decision below is erroneous.

Judgment reversed.

*Smith, McKinley* and *Poor*, for plaintiff in error.

*Cook* and *Dillon*, for defendant.